# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
## Civil Case No.: 1:16-cv-00323-MR-DLH

| | |
|---|---|
| BRANCH BANKING & TRUST COMPANY, INC.,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>NICHOLAS DIMITRI TRAKAS a/k/a NICHOLAS DMITRI TRAKAS and wife,<br>KELLY HEARN TRAKAS; and UNITED STATES OF AMERICA DEPARTMENT OF TREASURY INTERNAL REVENUE SERVICE,<br><br>　　　　Defendants. | **DEFAULT JUDGMENT** |

**THIS MATTER** is before the Court on the Plaintiff's Motion for Default Judgment against the Defendant Nicholas Dimitri Trakas, a/k/a Nicholas Dmitri Trakas, and Defendant Kelly Hearn Trakas. [Doc. 17].

The Plaintiff filed a Verified Complaint against Defendant Nicholas Dimitri Trakas a/k/a Nicholas Dmitri Trakas ("Mr. Trakas") and Defendant Kelly Hearn Trakas ("Mrs. Trakas") (collectively "Defendants") on September 29, 2016. [Doc. 1]. A Summons in a Civil Action for Mrs. Trakas was issued on September 30, 2016 [Doc. 3], and a Summons in a Civil Action for Mr.

Trakas was issued on October 4, 2016 [Doc. 5]. An issued Summons and Verified Complaint were served on Defendants pursuant to Rule 4 of the Federal Rules of Civil Procedure on October 7, 2016, by certified mail, return receipt requested. [See Doc. 8]. No answer or other pleading has been filed by the Defendants, no extension of time to file pleadings has been granted, and the time for pleading or otherwise defending this action has expired. The Clerk of Court entered default against the Defendants on December 15, 2016. [Doc. 12]. By virtue of the Defendants' default, all of the factual allegations of the Plaintiff's Complaint have been deemed admitted. See Ryan v. Homecomings Fin. Network, 253 F.3d 778, 780 (4th Cir. 2001).

Upon review of the Plaintiff's Motion for Default Judgment and the record as a whole, the Court hereby makes the following findings of fact and conclusions of law.

**FINDINGS OF FACT**

1. On or about June 18, 1999, Mr. and Mrs. Trakas purchased certain real property located at 31 First Street, Tryon, Polk County, North Carolina ("the Property") from John Maitland Thompson and wife, Susan W. Thompson, as described in that certain general warranty deed recorded on June 21, 1999 in Deed Book 255, Page 1681 of the Polk County, North Carolina Registry ("Deed").

2. On or about November 1, 2002, Mr. and Mrs. Trakas entered into an agreement with Liberty Mortgage Corporation ("Liberty Mortgage") whereby Liberty Mortgage issued a loan to Mr. and Mrs. Page in the principal amount of $153,750.00 ("the Loan").

3. As a condition of the Loan, Mr. and Mrs. Trakas executed a deed of trust in favor of Liberty Mortgage, which was recorded on November 6, 2002 in Deed Book 290, Page 1563 of the Polk County, North Carolina Registry ("the Deed of Trust"). The parties intended for the Deed of Trust to secure Mr. and Mrs. Trakas' obligations under the Loan, and constitute a first lien and encumbrance on the Property.

4. Sharon J. Steiner ("Ms. Steiner") was the notary public who acknowledged Mr. and Mrs. Trakas' signatures on the Deed of Trust; however, Ms. Steiner inadvertently omitted Mrs. Trakas' name from the notarial certificate in the Deed of Trust.

5. On or about August 26, 2011, the Baltimore, Maryland office of the Internal Revenue Service ("IRS") filed a federal tax lien against Mr. and Mrs. Trakas relating to the Property, identified as 31 First Street, Tryon, North Carolina, in the amount of $85,369.37 in file number 11-M-78 in the Office of the Clerk of Superior Court of Polk County, North Carolina ("Federal Tax Lien").

6. On or about November 26, 2012, the Deed of Trust was assigned to BB&T pursuant to that certain assignment which was recorded in Deed Book 396, Page 2042 of the Polk County, North Carolina Registry ("Assignment").

7. In or around May 1, 2012, Mr. and Mrs. Trakas defaulted on their obligations under the Loan and Deed of Trust.

8. In preparing to foreclose on the Deed of Trust, pursuant to the rights reserved in the Deed of Trust, BB&T discovered that the notary acknowledgement in the Deed of Trust did not contain Mrs. Trakas' name.

9. Mr. and Mrs. Trakas and BB&T intended for the Deed of Trust to encumber the Property; however, as a result of the aforementioned scrivener's error, the Deed of Trust contains a notarial certificate that does not acknowledge Mrs. Trakas' signature on the Deed of Trust.

10. At the time of Mr. and Mrs. Trakas' execution of the Deed of Trust, neither Mr. and Mrs. Trakas nor BB&T knew that the notarial certificate omitted Mrs. Trakas' name.

11. Plaintiff has attempted to correct the notary acknowledgement on the Deed of Trust by sending multiple letters and Affidavits of Correction of Notarial Certificate to Ms. Steiner's last known addresses, but all correspondence has been returned.

12. The error in the notarial certificate in the Deed of Trust is preventing BB&T from exercising its right to foreclose under the Deed of Trust.

13. In light of the aforementioned inaccuracy, and the resulting effect on the Deed of Trust (and BB&T's security interest thereunder), BB&T seeks an order from this Court reforming the Deed of Trust to incorporate the name "Kelly Hearn Trakas" in the notarial certificate on page 15 of the Deed of Trust.

## CONCLUSIONS OF LAW

14. The reformation of the Deed of Trust to correct the notarial certificate on page 15 of the Deed of Trust accurately reflects the agreement and true intentions of the parties to the Deed of Trust.

15. Reformation of the Deed of Trust is appropriate to effectuate the intended terms of the Deed of Trust, since clear, cogent and convincing evidence establishes that all parties to the Deed of Trust intended that the Deed of Trust encumber the Property.

16. The reformation of the Deed of Trust should relate back to and take effect as of November 6, 2002, the date on which the Deed of Trust was recorded in the Polk County, North Carolina Registry.

17. BB&T, as successor in interest to Liberty Mortgage, has a legally protected interest in the Property by virtue of the security granted under the Deed of Trust, and, as such, has standing to bring a declaratory judgment action pursuant to N.C. Gen. Stat. §1-254 and 28 U.S.C. §§ 2409a(a) and 2410 to determine and establish the priority of its interest in the Property.

18. The parties to this legal action have or may have legal rights or are under legal liabilities which are involved in the controversy and may be determined by judgment or decree.

19. The foregoing constitutes an actual, existing and justiciable controversy which this Court can resolve under N.C. Gen. Stat. §§1-253, *et seq.* and 28 U.S.C. §§ 2409a(a) and 2410.

20. BB&T's security interest in the Property granted under the Deed of Trust would be impaired to the extent that BB&T is unable to foreclose on the Property in order to remedy Mr. and Mrs. Trakas' default under the Loan and the Deed of Trust.

**NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED:**

1. That the notarial certificate on page 15 in the Deed of Trust is reformed to include the name of Kelly Hearn Trakas;

2. That this reformation of the notarial certificate on page 15 in the Deed of Trust relates back to and takes effect as of November 6, 2002, the date the Deed of Trust was recorded in the Polk County, North Carolina Registry;

3. That the Deed of Trust is a valid first lien and encumbrance on the Property located at 31 First Street, Tryon, Polk County, North Carolina;

4. That the lien created under the Deed of Trust has an original priority date of November 6, 2002, the date the Deed of Trust was recorded in the Polk County, North Carolina Registry;

5. That the interest in the real property located at 31 First Street, Tryon, Polk County, North Carolina, as conveyed in the Deed of Trust to the Trustee for the benefit of the Plaintiff, is quieted in light of this reformation;

6. That the costs of this action are taxed against the Defendants Nicholas Dimitri Trakas, a/k/a Nicholas Dmitri Trakas, and wife, Kelly Hearn Trakas; and

7. That a certified copy of this Default Judgment Order be recorded with the Polk County Register of Deeds and this Default Judgment Order be properly indexed in the names of all the parties to this lawsuit.

Signed: August 1, 2017

Martin Reidinger
United States District Judge